THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SAÚL TUFIÑO CRUZ, Defendant and Appellant.

No. CR-67-94.    Decided June 6, 1968.

*Enrique Miranda Merced, E. Armstrong Watlington,* and *Julio García Antique* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Juan José Ríos Martínez, Assistant Solicitor General,* for The People.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Having been accused and convicted of the crime of robbery, Saúl Tufiño Cruz sets forth that the trial court erred (1) in giving its instructions in connection with the testimony of an accomplice; (2) in refusing to give the jury an instruction on assault and battery; and (3) in convicting appellant on the grounds of uncertain, doubtful, and insufficient evidence.

Since the second error was committed, and in virtue thereof we must reverse the judgment rendered in this case, it is unnecessary to consider the other assignments adduced by appellant.

It appears from the evidence that Meléndez was attacked with fists to the extent of being thrown on the pavement, at the same time that appellant took out from a pocket of his pants a five and a one-dollar bill, and that in his testimony appellant admitted the assault but denied having taken the money. It was proper for the court to grant the request of giving the jury an instruction on the offense of assault and battery. *People* v. *Del Valle,* 91 P.R.R. 167, 173 (1964). The version of the facts which appears from appellant's testimony was that appellant and his companions found Meléndez lying on the highway when they came out of the bar, and that when they tried to take him out of there to prevent a vehicle from hitting him, Meléndez spoke badly to him and told him to leave him there; that since he spoke badly to him and cursed his mother, appellant hit Meléndez. He testified that "I hit him because I was offended by what he told me."

At the close of the court's instructions, the record reveals the following:

"The Defense: Your Honor, we would like to call the attention of the court, we did not bring . . .

The Court: What?

The Defense: We did not bring a written request because we believe that we have . . .

The Court: Which one is it?

The Defense: That said instruction on assault and battery . . .

The Court: Denied. It does not lie. In my opinion it does not lie."

The Solicitor General argues that appellant did not present in writing the instruction which he suggested, and he did not object to the ruling of the trial court denying it, nor

did he state "clearly, the motives for the challenge or for his request" as Rule 137 of the Rules of Criminal Procedure provides, and, therefore, he was precluded from assigning as error the omission of the aforesaid instruction. He is not correct.

■ The aforesaid Rule No. 137 does not require, mandatorily, that the request for an instruction be submitted in writing.[1] On the contrary, the Rule contemplates that it can be requested orally in providing that:

". . . Neither party may assign as error any portion of the instructions or omission therein unless objection is raised thereto or additional instructions are requested before the jury retires to deliberate, stating clearly the grounds of challenge or of its request. An opportunity to make such objection or request outside the presence of the jury shall be given to both parties."

■ Even when a request for instruction is not presented in an adequate manner, the substance of the request should be included in the instructions given, as long as the request is proper and pertinent, and it has not been previously covered in the instructions. *State* v. *Glaros*, 173 N.E.2d 146, 152 (Ohio 1961). Of course it is most convenient to submit those suggestions in writing. But, in the absence of a requirement in that sense, and since it is not a mandatory requirement, the oral requests are sufficient, if the court is informed of the issue in question. Rule 30 of the Federal Rules of Criminal Procedure, similar to our Rule 137, has been so interpreted. *Hull* v. *United States*, 324 F.2d 817 (5th Cir. 1963); *Dunn* v. *United States*, 318 F.2d 89 (5th Cir. 1963).

■ Rule 137, *supra*, provides that defendant shall be given the opportunity to present the motives for his chal-

---

[1] As to written requests for instruction, Rule 137 *supra*, provides that:
". . . Either party may present to the court any written request that certain instructions be given, at the end of the evidence, or prior thereto if the court reasonably so orders."

lenge or for his request, outside the presence of the jury. We understand by this that once defendant requests an instruction to be given to the jury or challenges the ones given, it shall be the court's duty to give him an opportunity to state the grounds for his request or challenge. In the case at bar this opportunity was flatly denied.

But, even though the statute contained a provision requiring that the suggested instructions be submitted in writing, said statute would not be applicable to cases where the judge denies a request for instructions on fundamental questions of the defense. *Monts* v. *State*, 379 S.W.2d 34 (Tenn. 1964).

We said in *People* v. *Burgos*, 76 P.R.R. 187, 190 (1954), that:

"In the recent case of *People* v. *Méndez*, 74 P.R.R. 853, emphasis was placed on the importance of the instructions to be given by the judge to a jury. The instructions, besides covering all the elements of the crime, should also cover, if there is evidence warranting such instructions, the circumstances surrounding crimes of lesser degrees than the crime charged or embraced therein. *People* v. *Fernández*, 49 P.R.R. 571; *People* v. *Nieves*, 57 P.R.R. 769; *People* v. *Rodríguez*, 35 P.R.R. 395. Also, the instructions should embrace the essential elements of the defenses raised by defendant, where there is evidence warranting it. *People* v. *Villanueva*, 49 P.R.R. 61. In his instructions to the jury, the judge must include all legal questions which, under any reasonable theory, might be involved in the deliberations. See Fricke, *Instructing the Jury in Criminal Cases,* and cases cited. CALJIC (California Jury Instructions Criminal), p. XXXIX. Any defense alleged by defendant and supported by relevant evidence which raises an issue of fact favorable to him must be covered by the instructions setting forth the applicable law. *Stevenson* v. *United States,* 162 U.S. 313; *People* v. *Galarza,* 71 P.R.R. 520; 41 C.J.S. 147, § 368; *Hale* v. *Commonwealth,* 183 S.E. 180; *Crockett* v. *Commonwealth,* 47 S.E.2d 377.

Regardless of the weakness, inconsistency, or doubtful credibility of the proof, defendant is entitled to have the theory which

it embodies presented to the jury with appropriate instructions. 26 Am. Jur. 513, § 515; *People* v. *Fernández, supra*; *People* v. *Calderón,* 50 P.R.R. 323."

Interpreting § 226 of the former Code of Criminal Procedure, which is substantially the same as the present Rule 137, this Court stated that:

"Should the court fail to instruct the jury upon certain points deemed by the accused to be essential, or if the instructions are defective or incomplete, the accused may ask that such instructions be given, or that they be enlarged upon as may be proper, or he may present written instructions to the court which, if rejected, may be considered on appeal." *People* v. *Boria,* 12 P.R.R. 166 (1907).

■ From the foregoing it seems evident, then, that it is a well-settled rule that at the request of a party, the court should charge the jury on every pertinent question on which there is any evidence in the record justifying it. The fact that that evidence is not wholly credible, does not authorize the denial of any instruction on said aspect. It does not matter how incredible defendant's evidence seems, he has a right to an instruction based on his evidence before the possibility that it be believed by the jury. It is the court's duty to charge the jury on every offense which is included in the one charged, and which the evidence tends to prove. It is a prejudicial error not to charge the jury in that sense, so that even though defendant does not request the instruction in the adequate manner, or does not request it at all, said defendant is not precluded from setting forth on appeal, its omission or the denial of giving it. *People* v. *Lewis,* 9 Cal. Rptr. 263 (Cal. 1961).[2]

■ In view of the foregoing, we conclude that it was a prejudicial error to deny the instruction requested on assault and battery. The evidence presented justified such

---

[2] Section 1127 of the Penal Code of California is similar to our Rule 137.

instruction, and the Solicitor General admits it. Therefore, the judgment rendered in this case by the Superior Court, Humacao Part, on November 1, 1965 will be reversed, and the case will be remanded to said court for a new trial.